UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| LORNA DELORES THOMPSON, | NO. CIV. 2:11-2261 WBS DAD |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER RE: MOTION TO DISMISS |
| RESIDENTIAL CREDIT SOLUTIONS, INC., a Delaware Corporation; AMERICAN BROKERS CONDUIT, A DIVISION OF AMERICAN HOME MORTGAGE INVESTMENT CORPORATION, a Maryland Corporation; MERSCORP, INC. dba MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC. AS NOMINEE FOR AMERICAN BROKERS CONDUIT, AMERICAN HOME MORTGAGE SERVICING, INC., and all person unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property, described in the complaint adverse to Plaintiff's title, and any cloud on Plaintiff's title thereto, and DOES 1-100, inclusive, | |
| Defendants. | |

1

----oo0oo----

Plaintiff Lorna Delores Thompson brings this action against defendants Residential Credit Solutions, Inc. ("RCS"), American Brokers Conduit ("ABC"), a division of American Home Mortgage Investment Corporation ("AHMIC"), Merscorp, Inc. ("Merscorp"), dba Mortgage Electronic Registration System, Inc. ("MERS") as nominee for American Brokers Conduit, and American Home Mortgage Servicing, Inc. ("AHMSI"), arising from defendants' allegedly wrongful conduct related to a residential loan.  RCS and Merscorp now move to dismiss the First Amended Complaint ("FAC") for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docket No. 5.)

I.   Factual and Procedural Background

In July of 2007, plaintiff purchased her residence at 2220 Cobblestone Avenue in Fairfield, California ("the property"), with a loan she obtained from American Brokers Conduit.  (FAC ¶ 1.)  On June 8, 2009, a Notice of Default was filed against the property after plaintiff had accrued a total default of at least $17,654.25.  (Request for Judicial Notice ("RJN"), Ex. 3.)  Beginning in June 2010, plaintiff was placed on a modified monthly trial program by AHMIC.  (FAC ¶ 17.)  On October 18, 2010, a Notice of Rescission of Notice of Default was recorded.  (RJN Ex. 4.)  After plaintiff's delinquency increased to $62,437.88, a second and operative Notice of Default was recorded on April 4, 2011.  (Id. Ex. 5.)  The Notice of Default included a declaration stating that:

The  undersigned  mortgagee,  beneficiary  or  authorized

2

> agent for the mortgagee or beneficiary pursuant to California Civil Code § 2923.5(b) declares that the mortgagee, beneficiary or the mortgagee's or beneficiary's authorized agent has either contacted the borrower or tried with due diligence to contact the borrower as required by California Civil Code 2923.5.

(Id.)  On July 5, 2011, the National Default Servicing Corp. ("NDSC") was substituted as trustee under the Deed of Trust. (Id. Ex. 7.)  The same day, NDSC recorded a Notice of Trustee's Sale setting the foreclosure sale for July 26, 2011.  (Id. Ex. 8.)  The foreclosure sale is currently on hold pending the resolution of this litigation.  (Mot. to Dismiss at 2:5-17.)

On July 18, 2011, plaintiff filed her FAC in the Superior Court of California, County of Solano.  On August 25, 2011, defendants removed the case to this court based on diversity of citizenship.  The FAC alleges claims against defendants for: (1) wrongful foreclosure under California Civil Code section 2923.5; (2) breach of contract; (3) implied covenant of good faith and fair dealing; (4) promissory estoppel; and (5) declaratory and injunctive relief.

II.  Judicial Notice

A court may take judicial notice of facts "not subject to reasonable dispute" because they are either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201.  The court may take judicial notice of matters of public record or of documents whose contents are alleged in the complaint and whose authenticity is not questioned.  Lee v. City of L.A., 250 F.3d 668, 688-89 (9th Cir. 2001).

3

1          Residential Credit Solutions and Merscorp have filed a
2 request for judicial notice in support of their motion to dismiss
3 which contains eleven exhibits: (1) a copy of the Grant Deed,
4 recorded in Solano County on July 10, 2007; (2) a copy of the
5 Deed of Trust, recorded in Solano County on July 10, 2007; (3) a
6 copy of the Notice of Default and Election to Sell Under Deed of
7 Trust, recorded in Solano County on June 8, 2009; (4) a copy of
8 the Notice of Rescission, recorded in Solano County on October
9 18, 2010; (5) a copy of the Notice of Default and Election to
10 Sell Under Deed of Trust, recorded in Solano County on April 4,
11 2011; (6) a copy of the Corporation Assignment of Deed of Trust,
12 recorded in Solano County on May 3, 2011; (7) a copy of the
13 Substitution of Trustee, recorded in Solano County on July 5,
14 2011; (8) a copy of the Notice of Trustee's Sale, recorded in
15 Solano County on July 5, 2011; (9) a copy of the Declaration of
16 Plaintiff Lorna Thompson; (10) a copy of the Declaration of
17 Plaintiff Andrea Wheatley; and (11) a copy of Plaintiff's
18 exhibits 1, 3, 4, and 7 offered in support of Order to Show Cause
19 and Temporary Restraining Order Prohibiting Sale from the state
20 court proceedings.
21          The court will take judicial notice of defendants'
22 first eight exhibits, as they are matters of public record whose
23 accuracy cannot be questioned. See Lee, 250 F.3d at 689. The
24 court will not take judicial notice of exhibits nine through
25 eleven and the facts contained within them because they are not
26 beyond reasonable dispute.
27 ///
28 ///

1  III. Discussion

2          On a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, ---, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This "plausibility standard," however, "asks for more than a sheer possibility that a defendant has acted unlawfully," and "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 556-57).

  A. Wrongful Foreclosure Under California Civil Code Section 2923.5

    Plaintiff contends that defendants failed to comply with the communication requirements set forth in California Civil Code section 2923.5. Section 2923.5(a)(2) requires a "mortgagee, beneficiary or authorized agent" to "contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." Section 2923.5(b) requires a default notice to include a declaration "from the mortgagee, beneficiary, or authorized agent" of compliance with section 2923.5, including

attempt "with due diligence to contact the borrower as required by this section."[1]

To allege a claim under section 2923.5, the complaint must contain "allegations that [the lender or servicer] participated in the notice of default or notice of trustee sale and . . . identify who issued and recorded the notice of default." Spencer v. DHI Mortg. Co., Ltd., 642 F. Supp. 2d 1153, 1167 (E.D. Cal. 2009). Plaintiff fails to allege that RCS or Merscorp participated in or recorded the Notice of Default. The FAC only contains allegations under this cause of action against AHMIC and JP Morgan Chase, who is not even a party in this action. (FAC ¶¶ 49-52.) Plaintiff's pleadings are insufficient to state a cause of action against RCS and Merscorp. Accordingly, the court will grant RCS and Merscorp's motion to dismiss plaintiff's wrongful foreclosure claim under section 2923.5.[2]

B.   Breach of Contract

To state a claim for breach of contract under California law, plaintiffs must allege (1) the existence of a contract; (2) plaintiffs' performance or excuse for nonperformance of the contract; (3) defendants' breach of the

---

[1] In her opposition, plaintiff appears to be stating for the first time a claim for relief under California Civil Code section 2923.52. This claim does not appear on the face of plaintiff's FAC. Additionally, section 2923.52 was repealed on January 1, 2011, according to its own terms. See Cal. Civ. Code § 2923.52.

[2] Given the obvious deficiencies in plaintiff's claim, it is unnecessary to reach the question of whether plaintiff adequately pled that a violation of section 2923.5 had occurred or whether California Civil Code section 2923.5 is preempted by the Home Ownership Loan Act.

contract; and (4) resulting damages.  <u>Armstrong Petroleum Corp. v. Tri-Valley Oil & Gas Co.</u>, 116 Cal. App. 4th 1375, 1390 (2004). Plaintiff alleges that defendants were in breach of contract when they violated the notice requirements in section 2923.5.  As established above, plaintiff fails to adequately plead that RCS and MERS violated section 2923.5.  Accordingly, the court will grant RCS and Merscorp's motion to dismiss plaintiff's breach of contract claim.[3]

  C. <u>Implied Covenant of Good Faith and Fair Dealing</u>

   "Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." <u>Marsu, B.V. v. Walt Disney Co.</u>, 185 F.3d 932, 937 (9th Cir. 1999) (quoting <u>Carma Developers, Inc. v. Marathon Dev. Cal., Inc.</u>, 2 Cal. 4th 342, 371 (1992)).  "A typical formulation of the burden imposed by the implied covenant of good faith and fair dealing is 'that neither party will do anything which will injure the right of the other to receive the benefits of the agreement.'" <u>Andrews v. Mobile Aire Estates</u>, 125 Cal. App. 4th 578, 589 (2005) (quoting <u>Gruenberg v. Aetna Ins. Co.</u>, 9 Cal. 3d 566, 573 (1973)). "The prerequisite for any action for breach of the implied covenant of good faith and fair dealing is the existence of a contractual relationship between the parties . . . ." <u>Smith v. City & Cnty. of San Francisco</u>, 225 Cal. App. 3d 38, 49 (1990).

---

[3] In her opposition, plaintiff claims that defendants were also in breach of contract because they violated a forbearance agreement.  The FAC includes references to this agreement, (FAC ¶ 21), however, it is not plead as part of plaintiff's cause of action for breach of contract.  Even if the court were to consider this alleged breach of contract, plaintiff has failed to plead that she suffered damages from the alleged breach.

Plaintiff alleges that defendants violated the implied covenant of good faith and fair dealing by failing to offer plaintiff a feasible loan modification, failing to provide plaintiff with a response to the Qualified Written Request ("QWR"),[4] refusing to disclose documents in violation of the Truth in Lending Act ("TILA"), and refusing to provide accounting pursuant to the Fair Debt Collection Practices Act. (FAC ¶67.)

Plaintiff fails to plead that RCS and Merscorp owed a duty to not cause plaintiff harm in their capacities as loan servicer and nominal beneficiary of the loan. Generally, "[a]bsent 'special circumstances' a loan transaction 'is at arms-length'" and no duties arise from the loan transaction outside of those in the agreement. Rangel v. DHI Mortgage Co., Ltd., No. CV F 09-1035 LJO GSA, 2009 WL 2190210, at *5 (E.D. Cal. July 21, 2009) (quoting Oaks Mgmt. Corp. v. Superior Court, 145 Cal. App. 4th 453, 466 (2006)). Absent contrary authority or the pleading of special circumstances, plaintiff cannot establish that RCS or Merscorp owed plaintiff a duty of care. See Hardy v. Indymac Federal Bank, 263 F.R.D. 586, 593 (E.D. Cal. 2009).

Additionally, the FAC does not indicate which breaches of this alleged duty apply to RCS or Merscorp. (FAC ¶ 67.) Defendants should not be forced to guess how their conduct allegedly breached the implied covenant of good faith and fair dealing. See Gauvin v. Trombatore, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988). The FAC groups together accusations against all

---

[4] Plaintiff alleges that only JP Morgan Chase, not defendants, failed to respond to plaintiff's requests. As JP Morgan Chase is not a defendant in this action, the FAC fails to state a claim against defendants.

8

defendants, and is completely unclear as to how RSC or Merscorp in particular breached a duty to provide loan modifications or disclosures to plaintiff. Accordingly, the court will grant RCS and Merscorp's motion to dismiss plaintiff's claim for breach of the implied covenant of good faith and fair dealing.

D.   Promissory Estoppel

Under California law, a plaintiff alleging a promissory estoppel claim must show: (1) the existence of a promise "clear and unambiguous in its terms"; (2) "reliance by the party to whom the promise is made"; (3) that any reliance was both "reasonable and foreseeable"; and (4) that the party asserting the estoppel was injured by his reliance. US Ecology, Inc. v. State, 129 Cal. App. 4th 887, 901 (4th Dist. 2005) (quoting Laks v. Coast Fed. Sav. & Loan Ass'n, 60 Cal. App. 3d 885, 890 (2d Dist. 1976)).

Here, plaintiff fails to allege the existence of a clear promise by RSC or Merscorp. Plaintiff alleges that she acted in reliance on AHMIC's promise not to foreclose while it was evaluating her modification application. Plaintiff fails to explain how a promise with AHMIC can be considered equivalent to a clear promise made on behalf of RSC or Merscorp.

Plaintiff additionally fails to allege reliance to her detriment. Although plaintiff claims that she "relied on the promise" of AHMIC, she fails to state how this reliance injured her. Accordingly, the court will grant RSC and Merscorp's motion to dismiss plaintiff's claim for promissory estoppel.

E.   Declaratory and Injunctive Relief

Plaintiff's final claim purports to state a cause of action for declaratory and injunctive relief. Declaratory and

injunctive relief are not independent claims, rather they are forms of relief.  See McDowell v. Watson, 59 Cal. App. 4th 1155, 1159 (1997) ("Injunctive relief is a remedy and not, in itself a cause of action . . . ." (internal quotation marks omitted)); see also, Nat'l Union Fire Ins. Co. v. Karp, 108 F.3d 17, 21 (2d Cir. 1997).  Because plaintiff's other claims have been dismissed and declaratory and injunctive relief are not causes of action in and of themselves, the court must grant defendants' motion to dismiss plaintiff's final cause of action as well.

     IT IS THEREFORE ORDERED that defendants' motion to dismiss be, and the same hereby is, GRANTED.

     Plaintiff has five days from the date of this Order to file an amended complaint, if she can do so consistent with this Order.

DATED:  November 21, 2011

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

10