UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| LORNA DELORES THOMPSON, | NO. CIV. 2:11-2261 WBS DAD |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER RE: MOTION TO DISMISS THIRD AMENDED COMPLAINT |
| RESIDENTIAL CREDIT SOLUTIONS, INC., a Delaware Corporation; AMERICAN BROKERS CONDUIT, A DIVISION OF AMERICAN HOME MORTGAGE INVESTMENT CORPORATION, a Maryland Corporation; MERSCORP, INC. dba MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC. AS NOMINEE FOR AMERICAN BROKERS CONDUIT, AMERICAN HOME MORTGAGE SERVICING, INC., and all persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property, described in the complaint adverse to Plaintiff's title, and any cloud on Plaintiff's title thereto, and DOES 1-100, inclusive, | |
| Defendants. | |

1

----oo0oo----

Plaintiff Lorna Delores Thompson brings this action against defendants Residential Credit Solutions, Inc. ("RCS"), American Brokers Conduit ("ABC"), a division of American Home Mortgage Investment Corporation ("AHMIC"), Merscorp, Inc. ("Merscorp"), dba Mortgage Electronic Registration System, Inc. ("MERS") as nominee for American Brokers Conduit, and American Home Mortgage Servicing, Inc. ("AHMSI"), arising from defendants' allegedly wrongful conduct related to a residential loan. RCS and Merscorp now move to dismiss the Third Amended Complaint ("TAC") for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docket No. 23.)

I.   Factual and Procedural Background

In July of 2007, plaintiff purchased her residence at 2220 Cobblestone Avenue in Fairfield, California ("the property"), with a loan she obtained from ABC. (TAC ¶ 1.) On June 8, 2009, a Notice of Default was filed against the property after plaintiff had accrued a total default of at least $17,654.25. (Req. for Judicial Notice ("RJN") Ex. 3 (Docket No. 26).) Beginning in June 2010, plaintiff was placed on a modified monthly trial program by AHMIC. (TAC ¶ 18.) Plaintiff alleges that under the modification agreement, AHMIC agreed to forbear from commencement of foreclosure proceedings as long as she was current on the payments. (Id. ¶ 20.) On October 18, 2010, a Notice of Rescission of Notice of Default was recorded. (RJN Ex. 4.) After plaintiff's delinquency increased to $62,437.88, a second and operative Notice of Default was recorded on April 4,

2011. (Id. Ex. 5.)

On July 5, 2011, the National Default Servicing Corp. ("NDSC") was substituted as trustee under the Deed of Trust. (Id. Ex. 7.) The same day, NDSC recorded a Notice of Trustee's Sale. (Id. Ex. 8.) The foreclosure sale took place on November 15, 2011, and a Trustee's Deed Upon Sale was recorded on November 28, 2011. (Id. Ex. 9.)

On July 18, 2011, plaintiff filed her First Amended Complaint ("FAC") in the Superior Court of California, County of Solano. On August 25, 2011, defendants removed the case to this court based on diversity of citizenship. (Notice of Removal at 2:20-25 (Docket No. 1).) On November 22, 1011, the court granted RCS and Merscorp's motion to dismiss the FAC. (Docket No. 12.) Plaintiff filed her Second Amended Complaint ("SAC") on November 28, 2011. (Docket No. 13.) On January 26, 2012, the court granted RCS and Merscorp's motion to dismiss the SAC. (Docket No. 22.) Plaintiff filed her TAC on February 14, 2012. The TAC alleges claims against defendants for: (1) wrongful foreclosure under California Civil Code section 2924; (2) promissory estoppel; (3) breach of contract; (4) quiet title; and (5) declaratory relief.[1]

II. Judicial Notice

A court may take judicial notice of facts "not subject to reasonable dispute" because they are either "(1) generally

---

[1] Plaintiff formally raises claim one for the first time in her TAC, although it was raised in passing in her SAC. (See SAC ¶ 62; Jan. 26, 2012, Order at 7 n.2 (Docket No. 22).) Plaintiff previously raised variations of claims three and four in her SAC and claims two and five in her FAC.

3

known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201.  The court may take judicial notice of matters of public record or of documents whose contents are alleged in the complaint and whose authenticity is not questioned.  <u>Lee v. City of L.A.</u>, 250 F.3d 668, 688-89 (9th Cir. 2001).

RCS and Merscorp have filed a request for judicial notice in support of their motion to dismiss which contains nine exhibits: (1) a copy of the Grant Deed, recorded in Solano County on July 10, 2007; (2) a copy of the Deed of Trust, recorded in Solano County on July 10, 2007; (3) a copy of the Notice of Default and Election to Sell Under Deed of Trust, recorded in Solano County on June 8, 2009; (4) a copy of the Notice of Rescission, recorded in Solano County on October 18, 2010; (5) a copy of the Notice of Default and Election to Sell Under Deed of Trust, recorded in Solano County on April 4, 2011; (6) a copy of the Corporation Assignment of Deed of Trust, recorded in Solano County on May 3, 2011; (7) a copy of the Substitution of Trustee, recorded in Solano County on July 5, 2011; (8) a copy of the Notice of Trustee's Sale, recorded in Solano County on July 5, 2011; and (9) a copy of the Trustee's Deed Upon Sale, recorded in Solano County on November 28, 2011.  (Docket No. 26.)

The court will take judicial notice of defendants' exhibits as they are matters of public record whose accuracy cannot be questioned.  <u>See</u> <u>Lee</u>, 250 F.3d at 689.

III. <u>Discussion</u>

On a motion to dismiss, the court must accept the

4

allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This "plausibility standard," however, "asks for more than a sheer possibility that a defendant has acted unlawfully," and "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 556-57).

    A.    Wrongful Foreclosure Under California Civil Code Section 2924

California Civil Code section 2924 provides a "comprehensive statutory framework" that governs the non-judicial foreclosure process. Moeller v. Lien, 25 Cal. App. 4th 822, 834 (2d Dist. 1994); see Cal. Civ. Code § 2924 (listing, inter alia, the requirements for a properly filed notice of default and the timing and process for the foreclosure sale). Because of the exhaustive nature of this scheme, California appellate courts have refused to read any additional requirements into the non-judicial foreclosure statute. See I.E. Assocs. v. Safeco Title Ins. Co., 39 Cal. 3d 281, 288 (1985); Moeller, 25 Cal. App. 4th at 834. Plaintiff brings a claim for relief under section 2924,

arguing that RCS is not a holder or beneficiary of the Note and is therefore unable to foreclose upon plaintiff's property.

Under California Civil Code section 2924(a)(1), a "trustee, mortgagee or beneficiary or any of their authorized agents" may conduct the foreclosure process.  Under California Civil Code section 2924b(4), a "person authorized to record the notice of default or the notice of sale" includes "an agent for the mortgagee or beneficiary, an agent of the named trustee, any person designated in an executed substitution of trustee, or an agent of that substituted trustee."  "Upon default by the trustor, the beneficiary may declare a default and proceed with a nonjudicial foreclosure sale."  Moeller, 25 Cal. App. 4th at 830. California's non-judicial foreclosure scheme does not explicitly require a beneficial interest in the Note to foreclose.  Rather, the statute broadly allows a trustee, mortgagee, beneficiary, or any of their agents to initiate non-judicial foreclosure.

Plaintiff alleges that RCS was the servicer of the loan, (TAC ¶ 58), which would make it an agent of the Note owner authorized to conduct a non-judicial foreclosure under section 2924.  See Caravantes v. Cal. Reconveyance Co., 2010 WL 4055560, at *9 (S.D. Cal. Oct. 9, 2010) (holding that defendant, as servicer of the loan, had the authority to record the Notice of Default and enforce the power of sale under the deed of trust). Additionally, the court has judicially noticed the May 3, 2011, Assignment of Deed of Trust, in which ABC assigned all interest in the Note and Deed of Trust to RCS.  (RJN Ex. 6.)  This assignment occurred prior to the July 5, 2011, Notice of Trustee's Sale.  RCS therefore had authority as the beneficiary

under section 2924 to conduct a non-judicial foreclosure of plaintiff's property.[2]

Furthermore, under California law there is no requirement for the production of the original note to initiate a non-judicial foreclosure. Oliver v. Countrywide Home Loans, Inc., No. 09-1381, 2009 WL 3122573, at *3 (E.D. Cal. Sept. 29, 2009) (citing Alvara v. Aurora Loan Servs., No. 09-1512, 2009 WL 1689640, at *6 (N.D. Cal. Jun. 16, 2009)); Kamp v. Aurora Loan Servs., No. 09-00844, 2009 WL 3177636, at *4, (C.D. Cal. Oct. 1, 2009); Putkkuri v. Recontrust Co., No. 08-1919, 2009 WL 32567, at *2 (S.D. Cal. Jan. 5, 2009). Plaintiff's assertion that the foreclosure is illegal because no defendant is in possession of the note therefore fails as a matter of law. Accordingly, the court will grant RSC and Merscorp's motion to dismiss plaintiff's claim under California Civil Code section 2924.[3]

---

[2] The TAC also alleges that the NDSC, which is not a named defendant, filed the Notice of Trustee's Sale. (TAC ¶ 14.) This allegation is corroborated by the Notice of Trustee's Sale, (RJN Ex. 8), which the court has judicially noticed. The listing of NDSC on the Notice of Trustee's Sale is at odds with plaintiff's later allegation that "Defendant RCS is a servicer, and as such, cannot foreclose on Plaintiff's property," (TAC ¶ 58) because it suggests that NDSC, and not RCS, conducted the foreclosure sale.

[3] In her claim under section 2924, plaintiff also appears to also raise a claim for unjust enrichment. (See TAC ¶¶ 63-68.) Unjust enrichment is not itself an independent claim for relief. McKell v. Wash. Mut., Inc., 142 Cal. App. 4th 1457, 1490 (2d Dist. 2006). The court therefore treats plaintiff's unjust enrichment argument as the relief requested under her section 2924 claim. A party is required to make restitution "if he or she is unjustly enriched at the expense of another. A person is enriched if the person receives a benefit at another's expense." McBride v. Boughton, 123 Cal. App. 4th 379, 389 (1st Dist. 2004) (quoting First Nationwide Sav. v. Perry, 11 Cal. App. 4th 1657, 1662 (6th Dist. 1992) (internal quotation mark and citation omitted)). Because plaintiff fails to state a claim under

7

B.  <u>Promissory Estoppel</u>

Under California law, a plaintiff alleging a promissory estoppel claim must show: (1) the existence of a promise "clear and unambiguous in its terms"; (2) "reliance by the party to whom the promise is made"; (3) that any reliance was both "reasonable and foreseeable"; and (4) that the party asserting the estoppel was injured by his reliance. <u>US Ecology, Inc. v. State</u>, 129 Cal. App. 4th 887, 901 (4th Dist. 2005) (quoting <u>Laks v. Coast Fed. Sav. & Loan Ass'n</u>, 60 Cal. App. 3d 885, 890 (2d Dist. 1976)). Plaintiff claims that RCS promised that it would not foreclose on her property while it was evaluating her modification application, (TAC ¶¶ 71-72), that she relied on RCS's representation, (<u>id.</u> ¶¶ 72-73), and that RCS breached the agreement by foreclosing on her property before reaching a determination on her modification application, (<u>id.</u> ¶ 74).

Here, as the court noted with regard to plaintiff's FAC, plaintiff fails to allege reliance to her detriment. "Detrimental reliance is an essential feature of promissory estoppel." <u>Beck v. Wells Fargo Home Mortg., N.A.</u>, No. 10-cv-2150 BEN, 2010 WL 5340563, at *2 (S.D. Cal. Dec. 10, 2010). "Detrimental reliance requires a showing that plaintiff has undertaken a sufficient change of position in reliance on defendant's promise." <u>Penny v. NdeX West LLC</u>, No. CV 11-05567-ODW, 2012 WL 589639, at *5 (C.D. Cal. Feb. 22, 2012). Although plaintiff claims that she "relied on the promise" of RCS, she does not state how she would have acted in the absence of RCS's

---

section 2924, her claim for relief based on unjust enrichment also fails.

8

promise or how this reliance injured her.  Plaintiff is no worse off now than she would have been had RCS first determined not to grant her modification application and then initiated foreclosure proceedings.  Accordingly, the court will grant RSC and Merscorp's motion to dismiss plaintiff's claim for promissory estoppel.

### C. Breach of Contract

To state a claim for breach of contract under California law, plaintiffs must allege (1) the existence of a contract; (2) plaintiffs' performance or excuse for nonperformance of the contract; (3) defendants' breach of the contract; and (4) resulting damages.  Armstrong Petroleum Corp. v. Tri-Valley Oil & Gas Co., 116 Cal. App. 4th 1375, 1390 (5th Dist. 2004).  Plaintiff alleges that defendants were in breach of contract because foreclosing upon plaintiff before reaching a determination under the June 2010 Modification Agreement violated its terms.[4]

As in her SAC, plaintiff has once again failed to demonstrate that the Modification Agreement was a valid contract. "The general rule is that if an 'essential element' of a promise is reserved for the future agreement of both parties, the promise gives rise to no legal obligation until such future agreement is made."  City of L.A. v. Super. Ct. of L.A. Cnty., 51 Cal. 2d 423, 433 (1959) (quoting Ablett v. Clauson, 43 Cal. 2d 280, 284 (1954)).  Based on this principle, a number of courts have

---

[4] Plaintiff's claim for breach of contract, although technically new in her TAC, is virtually identical in content to her claim for anticipatory breach of contract raised in her SAC. (See SAC ¶¶ 80-89.)

9

dismissed claims based on "agreements to agree."  See, e.g., Grant v. Aurora Loan Servs., Inc., 736 F. Supp. 2d 1257, 1266 (C.D. Cal. 2010).  However, some courts have held that "agreements to negotiate" are enforceable.  See, e.g., Copeland v. Baskin Robbins U.S.A., 96 Cal. App. 4th 1251, 1255-60 (2d Dist. 2002).

Plaintiff's allegations that defendants breached their obligations under the modification agreement are deficient for two primary reasons.  First, plaintiff may be alleging an unenforceable "agreement to agree" to a loan modification.  See City of L.A., 51 Cal.2d at 433.  Second, even if the court construes plaintiff's SAC as alleging an "agreement to negotiate" a loan modification and were to hold that such agreements are enforceable, plaintiff has only alleged in conclusory fashion that the parties entered into such an agreement.  Plaintiff has once again failed to provide nonconclusory factual content from which the court can plausibly infer that the parties entered into an agreement to negotiate.[5]  See Twombly, 550 U.S. at 570.  While plaintiff has detailed a series of interactions with defendants involving plaintiff's loan modification application, (see TAC ¶¶ 78-88), such facts are only consistent with defendants' liability and do not give rise to plausible entitlement to relief.  See

---

[5] Plaintiff attached a copy of the Modification Agreement to her FAC, but not to her TAC.  The agreement notes that "[u]pon your having successfully made all payments under this letter agreement, AHMSI's sole obligation will be to further review and consider your request for a loan modification.  There is no guarantee that your loan modification will be approved . . . ."  (FAC Ex. 3.)  Because the Modification Agreement was not attached to the TAC, the court declines to take its content into consideration for the purposes of deciding defendants' motion to dismiss the TAC.

10

Iqbal, 556 U.S. 677-78.

Plaintiff additionally fails to plead how she was damaged by defendants' alleged breach other than being forced to incur "costs and attorney fees." (TAC ¶ 90.) Accordingly, the court will grant RCS and Merscorp's motion to dismiss plaintiff's claim for breach of contract.

D. Quiet Title

The purpose of a quiet title action is to establish one's title against adverse claims to real property. California Code of Civil Procedure section 761.020 states that a claim to quiet title requires: (1) a verified complaint, (2) a description of the property, (3) the title for which a determination is sought, (4) the adverse claims to the title against which a determination is sought, (5) the date as of which the determination is sought, and (6) a prayer for the determination of the title. Cal. Civ. Proc. Code § 761.020.[6]

The tender rule applies to a quiet title action. Kozhayev v. America's Wholesale Lender, No. CIV S-09-2841, 2010 WL 3036001, at *5 (E.D. Cal. Aug. 2, 2010); see also Shimpones v. Stickney, 219 Cal. 637, 649 (1934). A "quiet title action is doomed in the absence of Plaintiffs' tender of the full amount owed." Gjurovich v. California, No. 1:10-cv-01871, 2010 WL 4321604, at *8 (E.D. Cal. Oct. 26, 2010). For the first time in these proceedings, plaintiff has alleged in her TAC that she

---

[6] The court notes that plaintiff's TAC is not in the form of a verified complaint, which is expressly required pursuant to California Code of Civil Procedure section 761.020. As discussed further below, this omission is indicative of plaintiff's overall inability or unwillingness to properly plead the causes of action that she has asserted.

11

"will if requested, tender all sum due." (TAC ¶ 93.)

California case law establishes that "[a] full tender must be made to set aside a foreclosure sale, based upon equitable principles." Stebley v. Litton Loan Servicing, LLP, 202 Cal. App. 4th 522, 526 (3d Dist. 2011). "[A] mere allegation that Plaintiff has offered to tender is insufficient." Chavers v. GMAC Mortg., LLC, No. 2:11-cv-01097-ODW, 2012 WL 777491, at *1 (C.D. Cal. Mar. 9, 2012). "A valid and viable tender means that it is made in good faith, the party making the tender has the ability to perform, and the tender must be unconditional." Alicea v. GE Money Bank, No. C 09-00091 SBA, 2009 WL 2136969, at *3 (N.D. Cal. July 16, 2009); see also Chavers, 2012 WL 777491, at *1 (tender offer must be credible); Cuaresma v. Deustche Bank Nat'l Co., No. C-11-03829 RMW, 2011 WL 4727805, at *3 (N.D. Cal. Oct. 7, 2011) (same).

Plaintiff does not allege that she has made full tender to set aside the foreclosure sale. The fact that plaintiff was seeking approval for loan modification further suggests that she is unable to tender her delinquency of over $60,000, (RJN Ex. 5), much less the full value of the loan. "[I]f the offeror is without the money necessary to make the offer good and knows it the tender is without legal force or effect." Karlsen v. Am. Sav. & Loan Ass'n, 15 Cal. App. 3d 112, 118 (1971). Accordingly, the court will grant RCS and Merscorp's motion to dismiss plaintiff's claim for quiet title.

E.   Declaratory Relief

Plaintiff's final claim purports to state a cause of action for declaratory relief. Declaratory relief is not an

independent cause of action, but rather is a form of relief.  See Nat'l Union Fire Ins. Co. v. Karp, 108 F.3d 17, 21 (2d Cir. 1997).  As such, a claim for declaratory relief is improper where, as here, the claim merely replicates other substantive causes of action asserted in the pleading.  Because plaintiff's other claims have been dismissed and declaratory relief is not a cause of action in and of itself, the court must grant RCS and Merscorp's motion to dismiss plaintiff's cause of action for declaratory relief.

F.   Further Amendments

While leave to amend must be freely given, the court is not required to permit futile amendments.  See DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992); Reddy v. Litton Indus., Inc., 912 F.2d 291, 296-97 (9th Cir. 1990); Rutman Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729, 738 (9th Cir. 1987); Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983).  In its November 22, 2011, and January 26, 2012, Orders, the court explicitly advised plaintiff of the pleading defects in her FAC and SAC and how to rectify them, and gave plaintiff the opportunity to file a TAC.  As explained above, plaintiff's TAC fails to correct these defects.

It is evident that further amendment will not help plaintiff satisfy applicable pleading standards in her claims against defendants.  As the deficiencies that the court pointed out in its previous Orders remain uncorrected, the court can only conclude that plaintiff is either unwilling or unable to properly plead the causes of action she has asserted.  Cf. Garcia ex rel.

13

Marin v. Clovis Unified Sch. Dist., No. 08-1924, 2009 WL 2982900, at *9 (E.D. Cal. Sept. 14, 2009). Plaintiff's unwillingness is further evidenced by the content of her opposition to defendants' motion to dismiss, which largely discusses claims that are not pleaded in the TAC and fails to address three of her claims entirely. Dismissal without leave to amend is therefore appropriate.

III. Sanctions

After prompting by this court, plaintiff filed her papers in opposition to the defendants' motion to dismiss on April 24, 2012. According to Local Rule 230(c), opposition to the granting of a motion must be filed and served not less than fourteen days preceding the noticed hearing date. As the hearing for this matter was set for May 7, 2012, plaintiff filed her papers one day late. This is the third time that plaintiff has failed to timely file her opposition and the court previously noted plaintiff's tardiness in its January 26, 2012, Order. (See Jan. 26, 2012, Order at 18 (Docket No. 22).) Plaintiff's unwillingness to comply with the Local Rules is both disrespectful of this court's time and further suggests that plaintiff lacks interest in prosecuting her claims.

Local Rule 110 authorizes the court to impose sanctions for "[f]ailure of counsel or of a party to comply with these Rules." Therefore, the court will sanction plaintiffs' counsel, Gregory Harper, $200.00 payable to the Clerk of the Court within ten days from the date of this Order, unless he shows good cause for his failure to comply with the Local Rules.

IT IS THEREFORE ORDERED that RCS and Merscorp's motion

to dismiss be, and the same hereby is, GRANTED; and this action is hereby DISMISSED WITH PREJUDICE as against Residential Credit Solutions, Inc. and Merscorp, Inc. dba Mortgage Electronic Registration System, Inc. and as nominee for American Brokers Conduit and American Home Mortgage Servicing, Inc.

    IT IS FURTHER ORDERED that within ten days of this Order Gregory Harper shall either (1) pay sanctions of $200.00 to the Clerk of the Court, or (2) submit a statement of good cause explaining his failure to comply with Local Rule 230(c).

DATED:  May 2, 2012

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE